IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>CARRIE WALSTED and BILLIE REICH,<br><br>Defendants. | CV 26-57-H-SPW<br><br>ORDER |

Plaintiff John O. Miller has filed a Complaint alleging violations of his United States and Montana constitutional rights. (Doc. 1.) Miller's Complaint will be served, in part, and dismissed, in part.

## I. STATEMENT OF THE CASE

### A. Parties

Miler is an inmate at Montana State Prison, in Deer Lodge, Montana. (Doc. 1 at 2.) He is proceeding without counsel. He names two defendants, Carrie Walsted, Disciplinary Hearings Officer, and Billie Reich, Department of Corrections Grievance Manager. (Doc. 1 at 2.)

### B. Allegations

Miller asserts two unrelated claims. Miller's first claim is a First Amendment retaliation claim against Defendant Walsted. In short, Miller has

sought a staff report related to one of his disciplinary hearings for some time. In 2021, Walsted told him that he could not see it. Two years later, in 2023, Miller initiated the administrative grievance procedure to obtain the statement. He filed various requests with different people, without success. Walsted eventually told Miller that he would be written up if he kept trying to get the statement. Walsted also told him, allegedly falsely, that the Warden had told him he could not have the statement. (Doc. 1 at 6.) Miller alleges that Walsted's response caused him to be "afraid to file any more Grievances or send anymore [requests] to any other prison staff requesting to view" the statement. *Id.* Miller construes Walsted's actions as retaliation for his protected speech, i.e., filing grievances and requests. (Doc. 1 at 7.)

Miller's second claim is that Defendant Billie Reich violated Miller's Montana constitutional right to know, under Art. II, § 9, by refusing to allow Miller to see the statement as part of his disciplinary file. (Doc. 1 at 8.)

Miller seeks compensatory and punitive damages, and injunctive relief in the form of an order enjoining the defendants from retaliating against him or violating his rights. (Doc. 1 at 10.)

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915A

Miller is an inmate proceeding against governmental defendants, so the Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b)

requires the Court to dismiss a complaint by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint fails to state a claim "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Miller may state a claim for First Amendment retaliation. That claim will be served by separate order. However, his state law claim against Defendant Reich will be severed and dismissed.

Section 1983 does not provide a cause of action for alleged violations of

state law. *See, Ove v. Gwinn*, 264 F. 3d 817, 824 (9th Cir. 2001). "To establish a civil rights claim under 42 U.S.C. §1983, a plaintiff must assert more than a violation of state tort law- he must show that the defendant deprived him of an interest protected by the Constitution or federal law." *Weiner v. San Diego Cnty.*, 210 F. 3d 1025, 1032 (9th Cir. 2000); *Ybarra v. Bastian*, 647 F. 2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by the section. Violations of state law alone are insufficient.") Miller's single claim against Reich is entirely state law based. Accordingly, it can only be brought in this action if it is properly joined, and fits within the Court's supplemental jurisdiction. In this instance, the claim is not properly joined.

A plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, as here, unrelated claims against different defendants must be pursued in separate lawsuits.

Miller alleges no federal law claims against Reich. Under Rule 20, he can only join her in this suit if his claim against her arises out of the same transaction or occurrence, *and* a common question of law or fact will arise in the actions against both. *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d

914, 917 (9th Cir. 1977). The only point of contact between Miller's claim against Walsted and his claim against Reich is that they both arise out of his desire to see the same particular document. But other than that, the facts related to the claims themselves, who did what when about that document, and what obligations the parties had, and what facts are required to prove every element of Miller's claims, are all distinct. His claim against Walsted is about her retaliating against him for his speech. The only relevant facts are what Walsted's intentions were in responding to Miller's request to see the document with an alleged threat, and whether Miller's speech rights were invaded as a result.

Miller's claims against Reich do not arise out of the same transaction as his claim against Walsted. He asked her at a different time, in a different context, and his claim against her arises out of her independent actions deciding not to provide him with his file. These two claims arise out of different transactions or occurrences.

As to the second element, no common question of law or fact exists. The law governing each claim is distinct, promulgated by separate sovereigns to cover distinct constitutional rights. And though, again, the same document is at issue, in one claim, the existence of the document is incidental to Miller's claim that Walsted retaliated for speech. In the other, Reich allegedly failed in an obligation to disclose the document at a different time and in a different context. The

questions of law and fact in each claim are distinct.

## III. CONCLUSION

Miller's claims are improperly joined. The Complaint violates Rule 20. Accordingly, Miller's state law claim and Defendant Reich will be dismissed. Miller's federal claim against Walsted will be served by separate order.

Accordingly, it is HEREBY ORDERED:

1. Defendant Reich and Miller's Montana state law claim against her are DISMISSED. The Clerk of Court shall modify the docket accordingly.

2. At all times, Miller must update the Court with any change in address. Failure to do so may result in dismissal of this action for failure to prosecute without notice to Miller. Fed. R. Civ. P. 41(b).

DATED this 23rd day of November, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge